Michael **YOUNGER**, Plaintiff,

v.

Michael **CHERNOVETZ**, Lawrence Tilghman, Robert Gillis, Walter B. Almeida, Walter Ford, John Masella, and James Alexander, Defendants.

**Civ. A. No. 5–91CV60 (WWE).**

United States District Court,
D. Connecticut.

June 10, 1992.

John R. Williams, Williams & Wise, New Haven, Conn., for plaintiff.

Robert F. Vacchelli, Asst. Atty. Gen., Hartford, Conn., for defendants.

## RULING ON DEFENDANTS' MOTION TO DISMISS

EGINTON, District Judge.

### FACTS

Defendants move, pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (4), (5) and (6), to dismiss the amended complaint.

This case is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Michael Younger, a former inmate at the Bridgeport Correctional Center. Plaintiff's original *pro se* complaint was filed against the State of Connecticut Department of Corrections, Michael Almeida, and other unnamed correctional officers. The events alleged in the complaint occurred in January and February of 1988, and the complaint was filed February 1, 1991.

Shortly after filing his complaint, Plaintiff retained counsel. After a short discovery period, Plaintiff was granted leave to amend his complaint. The amended complaint, filed on October 8, 1991, named seven specific employees of the Bridgeport Correctional Center and was more specific regarding the events encompassing the alleged civil rights violation. In addition, the amended complaint expands the dates of the alleged civil rights violation to January 1, 1988 through March 4, 1988.

Defendants' Motion to Dismiss sets forth the following grounds: (1) the action is time-barred and is not saved by the relation back rule; (2) Plaintiff has failed to allege personal involvement; (3) the action is barred by the Eleventh Amendment to the United States Constitution; (4) the Defendants are shielded by their qualified, good faith immunity; (5) and lack of personal jurisdiction.

### DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribu-*

*tion v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss under the Federal Rules of Civil Procedure, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

### I. Whether The Action Is Time Barred

■ There is no federal statute of limitations for claims filed under 42 U.S.C. § 1983. The court applies the forum state's statute of limitation for general personal injury actions sounding in tort. *Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 581–82, 102 L.Ed.2d 594 (1989). The statute of limitations for this action is three years. Conn.Gen.Stat. § 52–577.

Viewing the complaint in the light most favorable to the plaintiff, his § 1983 claim is based on events that occurred during January and February of 1988. Plaintiff's § 1983 complaint accrued, at the latest, at the end of February 1988. Plaintiff's complaint was filed on February 1, 1991.

■ Defendants contend that this action did not commence until March 6, 1991, the date they were served with the summons and complaint. Defendants assert that when a court borrows a statute of limitations of the forum state, the court must also borrow the state rules as to tolling of the statute. The Supreme Court disagrees:

> [W]hen the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from an other statute, the action is not barred if it has been 'commenced' in compliance with Rule 3 within the borrowed period.

*West v. Conrail,* 481 U.S. 35, 39, 107 S.Ct. 1538, 1541, 95 L.Ed.2d 32 (1987). *See* 4C. Wright & Miller, *Federal Practice and Procedure* § 1056 (1969). "A civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3. The original action, filed February 1, 1991, is not time barred by the statute of limitations because it is within three years of accrual of the cause of action.

The Defendants allege that the amended complaint is time barred and cannot relate back to the original complaint. The amended complaint, filed October 8, 1991, would be barred by the Connecticut statute of limitations.

■ However, the amended complaint is viable under Rule 15(c), which provides:

> **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when … (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for the service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c). Amendments under Rule 15(c) are to be granted freely, absent a showing of undue delay, bad faith, or dilatory tactics. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In addition, where a plaintiff files a civil rights claim but fails to allege a violation of 42 U.S.C. § 1983, the court should apprise plaintiff of the availability of § 1983 to allow the case to be decided on its merits rather than having it dismissed on a legal technicality. *Burris v. State Department of Public Welfare,* 491 F.2d 762, 763 (4th Cir.1974). It is even more important to have civil rights claims decided on their

merits when the plaintiff appears *pro se.* The court must examine the *pro se* complaint to see whether the facts alleged, or any set of facts the Plaintiff might be able to prove, could provide a basis for recovery under 42 U.S.C. § 1983. *See Canty v. City of Richmond,* 383 F.Supp. 1396, 1400 (E.D.Va.1974).

Although, in the instant case, the Plaintiff is currently represented by counsel, the original complaint was filed *pro se.* The original *pro se* complaint attempted to set forth the conduct, transactions or occurrence well pled in the amended complaint. Plaintiff's original one page statement of his claim alleges that he was placed in an isolation cell and chained to his bed. The bed consisted of a steel plate and had no mattress, sheets or blankets. In addition, Plaintiff was chained to the bed without clothing. Plaintiff often had to wait a long time to use toilet facilities and on several occasions he involuntarily urinated and defecated while chained to the bed. These alleged facts could well provide a basis for recovery under 42 U.S.C. § 1983, and thus this action should be allowed to proceed on its merits.

In addition, the Defendants share an identity of interest such that they should have known of Plaintiff's lawsuit. *See Serrano v. Torres,* 650 F.Supp. 722, 728 (D.P.R.1986) *on remand from* 764 F.2d 47 (1st Cir.1985). The facts of *Serrano* are similar to those of the instant case. In *Serrano,* the plaintiff sought to amend his complaint, after the statute of limitations had expired, to name specific prison officers who had allegedly violated his civil rights. The original complaint in *Serrano* named only the prison warden as a defendant. In that case the court allowed the amended complaint to stand as against the later named defendants.

In the instant case, the action was filed against the Department of Corrections within the statutory period. At that time, the Department and its employees should have been on notice of the instant lawsuit. All of the Defendants acted jointly and are represented by the same attorney and are alleged to be jointly and severally liable.

The Court fails to see how the Defendants could be unduly prejudiced if the instant action is allowed to proceed. Therefore, the Court finds that the amended complaint is not time barred by the statute of limitations.

## II. Failure to Allege Personal Involvement

The Defendants allege that the amended complaint does not meet the requirements for a civil rights action. "Complaints relying on the civil rights statutes are plainly insufficient unless they contain some specific allegations of fact indicating a deprivation of civil rights, rather than state simple conclusions." *Koch v. Yunich,* 533 F.2d 80, 85 (2nd Cir.1976). The amended complaint, in paragraphs 9–18, makes specific allegations of fact sufficient to support a claim under 42 U.S.C. § 1983. The complaint is specific regarding what was done to the plaintiff and which officers were involved in the activity. The amended complaint is sufficient in its allegations.

## III. Whether The Action Is Barred By The Eleventh Amendment

The Eleventh Amendment to the United States Constitution bars federal lawsuits against state officials in their official capacity. *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Schiff v. Kerrigan,* 625 F.Supp. 704, 708 (D.Conn.1986). However, only the original complaint made allegations against state officials in their official capacity. Since the Plaintiff has abandoned his original complaint by filing the amended complaint, and there is no claim for relief in the amended complaint which is affected by the Eleventh Amendment, the action is not barred.

## IV. The Issue of Qualified, Good Faith Immunity

The Supreme Court has held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which

a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity may apply if the official can show that the law was unclear at the time of the protected conduct. *Walsh v. Franco,* 849 F.2d 66, 69 (2d Cir.1988); *Robison v. Via,* 821 F.2d 913, 920–21 (2d Cir.1987). However, the Defendants have failed to demonstrate how the law in this case or its applicability to them is unclear. Defendants seeking the benefit of qualified immunity must make such a specific showing. There is no basis to grant defendants qualified immunity.

*V.   Claim for Lack of Personal Jurisdiction*

Defendants assert that the case should be dismissed for lack of personal jurisdiction. They claim that they have not been served with a summons and copy of the amended complaint. Given that the motion to dismiss was filed before the tolling of the 120 day limit for proper service, and that the Plaintiff has yet to explain to the Court's satisfaction why no such service has been made, the summons and complaint shall be served as directed below.

CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is DENIED. Plaintiff is hereby ORDERED to serve a summons and copy of the amended complaint on each and every named defendant on or before September 15, 1992, or file an explanation with the court as to why service need not been made.

SO ORDERED.