**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANIEL L. ROSALES,

        Plaintiff - Appellant,

    v.

JOE ORTIZ, Director of D.O.C.;
LARRY REID, Centennial
Correctional Facility (CCF); Case
Manager WATKINS (CCF); Case
Manager LINDSEY (CCF);
ANTHONY DECESARO, D.O.C.
Grievance Officer; Sergeant MORRIS
(CCF); Sergeant WARING (CCF);
Sergeant WILSON (CCF); C/O
CHASE (CCF); C/O PAUL (CCF);
C/O CORDOVA (CCF); C/O
LANGONI (CCF); C/O KEIL (CCF);
C/O PRICE (CCF); C/O ARGUELLO
(CCF),

        Defendants - Appellees.

No. 08-1163

(D. Colorado)

(D.C. No. 06-cv-02438-EWN-CBS)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Daniel Rosales, an inmate in the custody of the Colorado Department of Corrections ("CDOC"), appearing *pro se*, appeals from the dismissal, on statute of limitations grounds, of his civil rights action[1] against various officials and staff of the CDOC. We affirm.

## BACKGROUND

On July 11, 2004, Mr. Rosales filed a civil rights action in the federal district court, naming various officials and personnel of the CDOC (D. Colo. No. cv-04-ES-1663, hereinafter referred to in this opinion as the 2004 complaint). The complaint alleged numerous violations of Mr. Rosales' constitutional rights. As pertinent here, Mr. Rosales alleged that on November 18, 2003, and on April 6, 2004, corrections officials entered his cell and confiscated his "adult" magazines in violation of his First and Fourteenth Amendment rights under the Federal Constitution. On October 29, 2004, the district court dismissed the

---

[1]42 U.S.C. § 1983.

-2-

complaint, without prejudice, for failure to first exhaust administrative remedies. Mr. Rosales did not appeal that dismissal.

Subsequently, after traversing a rocky road in which CDOC personnel, including the grievance officer, allegedly obstructed and delayed a response to his grievances, Mr. Rosales finally completed the process of exhausting his administrative remedies on October 6, 2005. Compl. ¶ 76; Appellant's Op. Br. at p. 2(a)(2) ¶ 13. Ten and a half months later, on August 21, 2006 (according to Mr. Rosales), he commenced the process of refiling his civil rights action. According to court records, his complaint was filed on December 5, 2006. That complaint, as amended subsequently, is the one underlying this appeal. For convenience, it is referred to hereafter simply as the complaint.

Thereafter, the defendants filed motions to dismiss. Following briefing by both parties, the magistrate judge issued a report and recommendation ("R&R") which addressed each of the various issues raised in the complaint. Except for the adult magazine/First Amendment issue, the R&R resolved each issue on the merits and recommended dismissal. As for the First Amendment issue, the R&R recommended dismissal on statute of limitations grounds, reasoning that the complaint had been filed more than two years after the alleged confiscations on November 18, 2003, and April 6, 2004. The district court adopted the magistrate judge's recommendations and dismissed all issues on the merits except for the

adult magazine/First Amendment issue, which the court dismissed on statute of limitations grounds.

In this appeal, it is important to note that only the adult magazine/First Amendment issue is argued,[2] including dismissal of that issue on statute of limitations grounds. Specifically, in the issues section of his appellate brief, Mr. Rosales lists the following two issues:

a.     First Issue: The plaintiff is not barred by the statute of limitations, and whether Judge Nottingham reviewed the plaintiff's statute of limitations by not completely reviewing the entire record.

b.     Second Issue: Whether the (DOC) confiscated adult magazines in violation of the plaintiff's due process and equal protection rights for freedom of speech and press.

Appellant's Op. Br. at 3.

Accordingly, our review in this appeal is limited to those issues. The district court's merits disposition of the other allegations in the complaint has become final. For purposes of our review, we construe Mr. Rosales' *pro se* complaint with the special solicitude required by the Supreme Court. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); Haines v. Kerner,

---

[2]The notice of appeal identified a number of issues, but none of the issues, except for the First Amendment issue, is pursued, developed, or argued in Mr. Rosales' appellate brief. Issues which are not argued or supported by reasoning and authorities on appeal are deemed waived. See Bronson v. Swensen, 500 F.3d 1099, 1105 (10th Cir. 2007); Becker v. Kroll, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived.").

404 U.S. 519, 521 (1972); Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

**DISCUSSION**

We first address the statute of limitations issue because it is dispositive. "Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules. . . . Hardin v. Straub, 490 U.S. 536, 539 (1989) (further quotation omitted). Mr. Rosales does not dispute that the limitations period applicable to this § 1983 suit is Colorado's two-year statute of limitations which, subject to exceptions discussed below, bars suits filed more than two years after the time the cause of action accrued. See Colo. Rev. Stat. § 13-80-102; Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); Blake v. Dickason, 997 F.2d 749, 750-51 (10th Cir. 1993). It is likewise undisputed that the relevant two accrual dates here are the dates Mr. Rosales alleges his adult magazines were confiscated: November 18, 2003, and April 6, 2004. Finally, under Mr. Rosales' version of events, the earliest arguable "filing" date for the specific complaint under review is August 21, 2006—approximately 33 months and 28-1/2 months, respectively, from the accrual of Mr. Rosales' claims. The complaint's record filing date of December 5, 2006, is approximately 36-1/2 months and 32 months, respectively, from the accrual dates. On the face of it, therefore, those claims are barred by the

two-year statute of limitations unless some exception applies to extend or otherwise affect the running of the statute.

Mr. Rosales makes two independent arguments in that regard. First, he contends that the 2006 complaint is simply a reinstatement or continuation of the original, timely, but ultimately dismissed, 2004 complaint. Appellant's Op. Br. at 2(a)(3) ¶ 19. He points to the fact that the dismissal was without prejudice. He further directs our attention to the language of the district court, in the order denying reconsideration pursuant to Fed. R. Civ. P. 59(e), stating, among other things, that the dismissal was without prejudice: "so that Plaintiff may exhaust his administrative remedies regarding these claims and resubmit the claims to the Court once he has exhausted." Order Denying Mot. To Reconsider at 3 (D. Colo. Dec. 16, 2004) (emphasis added) (attached to Appellant's Op. Br.).

Second, Mr. Rosales argues that the statute of limitations does not start (due to tolling) until the exhaustion of remedies process is completed. Appellant's Op. Br. at 3(a). And, finally, Mr. Rosales contends that Younger v. Chernovetz, 792 F. Supp. 173 (D. Conn. 1992), supports the proposition that an amendment to a complaint relates back to the date the complaint was originally filed.

These arguments are unavailing. The first argument fails simply because, as stated above, the 2004 complaint was dismissed. As the word implies, dismissal terminated the proceeding, leaving nothing which could be amended or

-6-

continued. The "without prejudice" qualifier refers to the right to file a new complaint covering the same claims without facing a defense that they had been litigated previously and, therefore, could no longer be pursued.

Mr. Rosales' second argument is that the two-year statute of limitations was tolled during his diligent, but allegedly frustrated, attempt to exhaust his administrative remedies as required by the court. He states that the exhaustion of remedies process was completed on October 6, 2005, so the two-year statute either commenced at that time or was extended by the time elapsed during the exhaustion process. This contention invokes the doctrine of tolling, both legal and equitable.

Tolling, like the statute of limitations, is governed by Colorado law. See Hardin, 490 U.S. at 539; Fogle, 435 F.3d at 1258; Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). There are several grounds for tolling under Colorado law, including a ninety-day extension under certain circumstances, Colo. Rev. Stat. § 13-80-111(1), and additional time for a person under a legal disability. Colo. Rev. Stat. § 13-81-101(3). Neither of those exceptions are helpful to Mr. Rosales. See Fogle, 435 F.3d at 1258; Russell-El v. United States, 198 F.3d 258, 1999 WL 987350, at **2-3 (10th Cir. Nov. 1, 1999) (unpublished) (cited for illustrative, not controlling, authority).

Equitable tolling is also recognized by Colorado "when flexibility is required to accomplish the goals of justice," such as "when plaintiffs did not

-7-

timely file their claims because of 'extraordinary circumstances' or because defendants' wrongful conduct prevented them from doing so," despite diligent efforts. Fogle, 435 F.3d at 1258 (quoting Morrison v. Goff, 91 P.3d 1050, 1053 (Colo. 2004) (further citation omitted)); see Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

We have declined to apply those tolling provisions in circumstances almost identical to this case, reasoning that ample time for filing within the two-year limitations period remained after the exhaustion of remedies, but that the plaintiff failed to diligently pursue his opportunity to file. Russell-El, 1999 WL 987350. We stated:

> As the district court found, [plaintiff] also fails to allege any extraordinary circumstances that prevented him from bringing his claims despite diligent efforts. After [the original complaint] was dismissed, [plaintiff] exhausted his administrative remedies on October 1, 1997. On October 15, 1998, rather than filing a new complaint he filed a motion for continuance in [the original complaint] which was denied because that case had already been dismissed. Although we understand that a *pro se* plaintiff may have some confusion as to the procedural aspects of the law, [plaintiff] provides no explanation for having waited an additional six months before filing the instant action on April 16, 1998. Thus, we agree with the district court's determination that equitable tolling is not appropriate in this action, "because [plaintiff's] failure to return promptly to federal court following exhaustion of administrative remedies does not demonstrate diligent efforts to pursue his claims."

Id. at *3 (further quotations omitted). We adopt and apply that reasoning and conclusion here. Mr. Rosales asserts that his administrative remedies were exhausted on October 6, 2005. On that date, at least six weeks and six months,

respectively, remained of the original two-year limitations periods (beginning November 18, 2003, and April 6, 2004). Some argument might be made about the adequacy of the first available filing period of six weeks, although it would seem that all Mr. Rosales had to do was mail his original complaint to the court for filing. But Mr. Rosales' failure to file within the next six months—waiting instead, the better part of a year or more to file—fails equitable tolling qualification. As we said in Russell-El, "[Plaintiff's] failure to return promptly to federal court following exhaustion of administrative remedies does not demonstrate diligent efforts to pursue his claims." Id.

Finally, there remains the specific question which Mr. Rosales raises: whether, separate from the tolling provisions discussed above, Colorado tolls statutes of limitations during the exhaustion of administrative remedies required by federal law. No case or statute directly supports that proposition, and we are disinclined to carve out such an exception here.[3] As just discussed, the two-year limitations period had not run on Mr. Rosales' claims when they were administratively exhausted. There is no equitable or legal reason to search for a way to make something which was already available even more so.

---

[3]In Russell-El, we recognized but found it unnecessary to resolve the issue.

## CONCLUSION

For the reasons stated above, the district court's dismissal of the First Amendment/due process claim on statute of limitations grounds is AFFIRMED.[4] The plaintiff's motion for leave to proceed without prepayment of fees is GRANTED. We remind him of his continuing obligation to make partial payments until the filing fee is paid in full.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[4]Because we affirm on statute of limitations grounds, it is unnecessary to address the merits of the adult magazine confiscation issue.