FILED
United States Court of Appeals
Tenth Circuit

August 2, 2010

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

JAMES BRAXTON; TROY GRAVES;
RONALD JOHNSON; PAUL
PALECECK,

 Plaintiffs-Appellants,

and

MICHAEL DAVID JOHNSON,

  Plaintiff,

v.

ARISTEDES ZAVARAS, the
Executive Director of the C.D.O.C.;
KEVIN MILYARD; TERRY
BARTRUFF; LLOYD WAIDE; JEFF
REVORD; RAYMOND HIGGINS;
GARY LITTLE; ROBERT KEISEL;
SHAWN REWOLDT; ASSOCIATE
WARDEN CAROL SOARES; MAJOR
MARY OX-BERGMAN, all in their
official and individual capacities,

 Defendants-Appellees.

No. 10-1053

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 09-CV-01147-LTB-KMT,
consolidated with 09-CV-01218-LTB-KMT; 09-CV-01313-LTB-KMT;
09-CV-01352-LTB-KMT; and 1:09-CV-01153-LTB-KMT)

_____

Submitted on the briefs:

James Braxton, Troy Graves, Ronald Johnson, and Paul Palececk, pro se.

John W. Suthers, Attorney General and Nicole S. Gellar, Assistant Attorney General, Denver, Colorado, for Defendants-Appellees.

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

**BRISCOE**, Chief Judge.

Plaintiffs-Appellants James Braxton, Troy Graves, Ronald Johnson, and Paul Palececk (collectively "plaintiffs"), Colorado prisoners proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983, alleging that Defendants-Appellees violated their civil rights during a public strip search at Sterling Correctional Facility. Plaintiffs appeal the district court's dismissal of their consolidated action as untimely filed.[1] Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we conclude that under the fact pattern presented, the statute of limitations should not be tolled, and affirm.[2]

---

[1] The district court also included in the consolidated action a suit filed by a fifth prisoner, Michael Johnson. He is not participating in this appeal.

[2] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

# I

On August 1, 2006, officers at the Sterling Correctional Facility conducted a public strip search during which plaintiffs were required to expose themselves to other inmates and prison staff. Plaintiffs filed internal grievances, following the prison's three-step procedure, and they received final responses to their Step 3 grievances on May 24 (Braxton), June 21 (Graves and Ronald Johnson), and July 5, 2007 (Palececk).

Individual lawsuits were filed on May 19 (Braxton), May 27 (Graves), June 4 (Ronald Johnson), and June 10, 2009 (Palececk), naming as defendants various officials of the Colorado Department of Corrections (CDOC) and employees of Sterling Correctional Facility. The district court then consolidated the cases.

Defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing in part that plaintiffs' claims were barred by Colorado's two-year statute of limitations. Plaintiffs responded that in Colorado, the statute of limitations is tolled pending the exhaustion of administrative remedies.[3]

---

[3] Plaintiffs also argued for statutory tolling, relying on Colo. Rev. Stat. § 13-17.5-104, which provides that while an inmate grievance procedure is pending, the "court shall stay the state civil action until . . . the grievance procedure is completed and all rights of appeal have been exhausted." The district court concluded that the statute was inapplicable, as it pertained to staying a civil action rather than tolling the statute of limitations. On appeal, plaintiffs have abandoned the argument that statutory tolling applies. See Appellants' Br. at 3 ("Colorado does not have any statutory tolling provisions which would control this case.").

Specifically, they argued that the statute of limitations was tolled until they received responses to their Step 3 grievances. The magistrate judge recommended that the action be dismissed, reasoning that under Colorado law the statute of limitations is not automatically tolled while plaintiffs pursue the exhaustion of administrative remedies, and plaintiffs had not demonstrated that they were entitled to equitable tolling. The district court agreed and granted defendants' motions to dismiss.

## II

### A

We review de novo the dismissal of an action under Rule 12(b)(6) based on the statute of limitations. Brady v. UBS Fin. Servs., Inc., 538 F.3d 1319, 1323 (10th Cir. 2008). "We review the district court's refusal to apply equitable tolling for an abuse of discretion." Garrett v. Fleming, 362 F.3d 692, 695 (10th Cir. 2004). Because plaintiffs are proceeding pro se, we liberally construe their pleadings. Gallagher v. Shelton, 587 F.3d 1063, 1067 (10th Cir. 2009).

In a § 1983 action, state law governs issues regarding the statute of limitations and tolling, although federal law governs the determination of when a § 1983 action accrues. Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). Under Colorado law, plaintiffs bear the burden of demonstrating that the statute of limitations should be tolled. See Lake Canal Reservoir Co. v. Beethe, 227 P.3d 882, 886 (Colo. 2010).

4

It is undisputed that this action accrued on August 1, 2006. Because "the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued," Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006), the limitations period expired on August 1, 2008. Thus, this action, which was brought by the individual plaintiffs on various dates in May and June of 2009, is subject to dismissal as untimely filed unless tolling applies.

Although plaintiffs recognize that "Colorado does not have any statutory tolling provisions which would control this case," they contend that the statute of limitations is tolled "during the time a person is involved in any administrative review process." Appellants' Br. at 3. Liberally construing their briefs, plaintiffs make two separate arguments: (1) Colorado automatically tolls the statute of limitations whenever a plaintiff attempts to resolve a claim with any administrative body, and (2) they are entitled to equitable tolling because they were prevented from bringing their claims in federal court until they had exhausted their administrative remedies. As discussed more fully in the sections that follow, we disagree. First, Colorado does not recognize an "administrative exhaustion" tolling doctrine apart from equitable tolling. Second, plaintiffs are not entitled to equitable tolling because they have not diligently pursued their claims.

**B**

We begin by considering plaintiffs' argument that "tolling is applied to

5

arrest the running of statutes of limitations during the time a person is involved in any administrative review process." Appellants' Br. at 3. In support of their argument, they rely on London Guarantee & Accident Co. v. Sauer, 22 P.2d 624 (Colo. 1933). However, Sauer is inapposite. In that case, the Colorado Supreme Court held the statute of limitations did not prevent the Industrial Commission from reopening or reviewing a claim for workers' compensation after compensation had been paid when all parties had committed an error. See id. at 626. Thus, contrary to plaintiffs' assertion, the Colorado Supreme Court has not held that the statute of limitations is automatically tolled whenever a person is involved in any administrative review process.

Because there are no decisions from the Colorado Supreme Court on point, we "must endeavor to predict how that high court would rule." Johnson v. Riddle, 305 F.3d 1107, 1118 (10th Cir. 2002). The Colorado Supreme Court "attempt[s] to interpret statutes of limitations consistent with their purposes of promoting justice, avoiding unnecessary delay, and preventing the litigation of stale claims." Morrison v. Goff, 91 P.3d 1050, 1052 (Colo. 2004). In that vein, the Colorado Supreme Court has previously rejected a bright-line tolling rule that "does not require plaintiffs to bring claims as expediently as possible." Id. at 1056.

Moreover, Colorado law favors a case-by-case approach to tolling, rather than automatically tolling the statute of limitations for entire classes of cases.

6

See id. at 1058 (rejecting an approach to tolling in part "because it tolls the statute of limitations for an entire class of claims"). "Because tolling involves the exercise of equitable jurisdiction, Colorado courts have repeatedly stated that tolling determinations require an examination of the specific facts and circumstances of each case." Id. at 1057. Accordingly, we conclude that under Colorado law, the statute of limitations is not automatically tolled whenever an individual pursues administrative remedies. See Ferrel v. Colo. Dep't of Corr., 179 P.3d 178, 188–89 (Colo. App. 2007) (rejecting the argument that the statute of limitations should be tolled pending exhaustion of administrative remedies where exhaustion was not a prerequisite to filing suit).

## C

Next, we consider whether plaintiffs are entitled to equitable tolling. Colorado recognizes that "equity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1096 (Colo. 1996). At the same time, "statutes of limitations compel litigants to pursue their claims in a timely manner." Id. at 1099. Thus, equitable tolling is limited "to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Id.

The Colorado Supreme Court has yet to find a case that qualifies as an

7

"extraordinary circumstance" that would justify tolling. However, that court has relied on cases from other jurisdictions to illustrate that tolling may apply when a plaintiff is truly precluded from filing suit: Hanger v. Abbott, 73 U.S. (6 Wall.) 532 (1867) (courts in southern states were closed during the Civil War), Seattle Audubon Society v. Robertson, 931 F.2d 590 (9th Cir. 1991) (district court's erroneous enforcement of an unconstitutional statute barred plaintiff from filing), rev'd on other grounds, 503 U.S. 429 (1992), and Osbourne v. United States, 164 F.2d 767 (2d Cir. 1947) (plaintiff held by Japan during World War II). See Dean Witter, 911 P.2d at 1097.

Under the Prison Litigation Reform Act (PLRA), plaintiffs were required to exhaust all available administrative remedies prior to filing this suit in federal court. 42 U.S.C. § 1997e(a). Failure to do so could have resulted in the dismissal of their action. See, e.g., Jernigan v. Stuchell, 304 F.3d 1030, 1032–33 (10th Cir. 2002). Accordingly, the PLRA's exhaustion requirement could constitute a circumstance "mak[ing] it impossible for [a] plaintiff to file his or her claims within the statutory period," thus entitling a plaintiff to equitable tolling, "so long as [he or she] makes good faith efforts to pursue the claims when possible." See Dean Witter, 911 P.2d at 1097.

Plaintiffs direct our attention to a line of cases from the Colorado Court of Appeals holding that the statute of limitations may be tolled during the time that a claim is presented to a board of county commissioners. See CAMAS Colo., Inc.

8

v. Bd. of County Comm'rs, 36 P.3d 135, 140–41 (Colo. App. 2001) (citing Bd. of Comm'rs v. Flanagan, 122 P. 801 (Colo. App. 1912)). Similar to the PLRA, Colorado law prohibits the filing of an action against a county until a claim has been presented and rejected by the board of county commissioners. See Colo. Rev. Stat. § 30-25-110(1). In CAMAS, the court of appeals reasoned that because there was "no suggestion that [the plaintiff] failed to prosecute its claims in good faith and with diligence," the statute of limitations should be tolled during the period when the claims were presented to the board of county commissioners. CAMAS, 36 P.3d at 141.

Although CAMAS does not explicitly rely on equitable tolling, we think it is best understood under that doctrine. As the Colorado Supreme Court has recognized, "tolling is an equitable remedy . . . ." Morrison, 91 P.3d at 1057. Moreover, the "extraordinary circumstances" aspect of equitable tolling is based on the reasoning "that it is unfair to penalize the plaintiff for circumstances outside his or her control, so long as the plaintiff makes good faith efforts to pursue the claims when possible." Dean Witter, 911 P.2d at 1097. The statute of limitations in CAMAS was tolled precisely because the statutory presentment requirement made it impossible for the plaintiff to bring suit until the board had rejected the claim, and the plaintiff had diligently pursued its claim. See CAMAS, 36 P.3d at 141 (citing Dean Witter, 911 P.2d 1094) ("In such a situation, a plaintiff should not be penalized for circumstances beyond his or her

9

control, provided that good faith efforts are made to pursue the claim."). Thus, CAMAS can be read as supporting equitable tolling under "extraordinary circumstances" when exhaustion is a necessary condition precedent to filing suit, and a plaintiff has been diligent in pursuing the claim following exhaustion.

Even if the administrative exhaustion requirement constitutes an "extraordinary circumstance" preventing plaintiffs from filing suit, plaintiffs still must "make[] good faith efforts to pursue the claims when possible." See Dean Witter, 911 P.2d at 1097; cf. CAMAS, 36 P.3d at 140–41. Thus, whether plaintiffs are entitled to equitable tolling depends on whether they diligently pursued their claims following the exhaustion of their administrative remedies.

We recently discussed equitable tolling under Colorado law pending exhaustion of administrative remedies in an unpublished decision in Rosales v. Ortiz, 325 F. App'x 695 (10th Cir. 2009). Although Rosales is not controlling authority, the facts of that case are very similar to the case at bar, and thus, we find it persuasive. Rosales, a Colorado state prisoner, had previously filed a § 1983 action, which was dismissed for his failure to exhaust his administrative remedies. Id. at 697. Upon completing the grievance process, plaintiff had six months to refile his action before the statute of limitations expired. However, he did not refile his action in federal court until more than ten months after exhausting his administrative remedies, and thus, over four months too late. We noted that we had "declined to apply [equitable tolling] in circumstances almost

10

identical to this case, reasoning that ample time for filing within the two-year limitations period remained after the exhaustion of remedies, but that the plaintiff failed to diligently pursue his opportunity to file."  Id. at 699 (citing Russell-El v. United States, No. 99-1124, 1999 WL 987350 (10th Cir. Nov. 1, 1999)).  We then held that by failing to file suit within six months after exhausting administrative remedies, Rosales was not entitled to equitable tolling.  Id.

We find the reasoning of Rosales persuasive.  After receiving the responses to their final administrative appeals, plaintiffs had over a year remaining to file their action in federal court—twice as long as the time remaining in Rosales—but they waited approximately two years to file suit.  See id. ("[W]aiting . . . the better part of a year or more to file[] fails equitable tolling qualification.").  Plaintiffs have not offered an explanation for why they did not file this action in the year remaining on the limitations period, let alone why they waited almost two years to file suit after receiving the final response from the grievance process.  Because plaintiffs did not pursue their claims with diligence, they are not entitled to equitable tolling.  "Neither the defendants nor extraordinary circumstances stood in the way of [plaintiffs'] filing suit within the statutory period.  Only [their] own inaction prevented [them] from filing in a timely manner."  See Dean Witter, 911 P.2d at 1099.[4]

_____

[4] Because we conclude that plaintiffs' claims are not entitled to equitable
(continued...)

11

**D**

Plaintiffs also argue that they are entitled to tolling because the CDOC sent letters to the plaintiffs encouraging them to wait for the resolution of the grievance process. However, plaintiffs did not raise this issue or allege any wrongful conduct on the part of defendants before the district court. Accordingly, we will not consider this argument on appeal. See Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1166 (10th Cir. 2003) (per curiam) (refusing to consider issues pro se plaintiffs did not raise in district court). Additionally, plaintiffs have attached to their reply brief copies of memos regarding the resolution of their Step 3 grievances. On appeal, we review only the record presented to the district court. See United States v. Kennedy, 225 F.3d 1187, 1191 (10th Cir. 2000) ("This court will not consider material outside the record before the district court.").

**III**

We AFFIRM the judgment of the district court and GRANT Braxton, Graves, and Palececk's motion to proceed without prepayment of fees. They are reminded that they are each obligated to continue making partial payments until

---

[4](...continued) tolling, we do not consider defendants' alternative argument that the statute of limitations was tolled only until forty-five days after plaintiffs filed their Step 3 grievances, when the grievances were "effectively exhausted." See Whitington v. Ortiz, 472 F.3d 804, 808 (10th Cir. 2007).

his respective portion of the fee has been paid.[5]

---

[5] Ronald Johnson has already paid his portion of the filing fee to the district court.