FILED
United States Court of Appeals
Tenth Circuit

May 22, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TELELA SHINAULT,

     Plaintiff – Appellant,

v.

DPD SEARGEANT TONY FOSTER;
DPD R. MAGOT, officer,

     Defendants – Appellee.

No. 14-1041
(No. 1:12-CV-00639-RBJ-BNB)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

This is an appeal from an order granting summary judgment to the defendants in an action brought by Telela Shinault. Proceeding pro se, Shinault alleged that Sgt. Foster and Officer Magot assaulted and unlawfully arrested her on February 11, 2009. Although Shinault did not cite to 42 U.S.C. § 1983, the district court liberally construed the claim as one brought under that statute, only to dismiss it because it wasn't made until after the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

applicable two-year statute of limitations had run. The district court found no basis upon which to allow equitable or statutory tolling.[1] We agree.

In § 1983 actions, we apply the forum state's statute of limitation for personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994). The forum state here, Colorado, provides a two-year statute of limitations for personal-injury claims. Colo. Rev. Stat. § 13-80-102. For the accrual date, however, we look to federal law. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Under federal law, "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *See Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995).

Shinault's claim for relief accrued on February 11, 2009, the day the alleged assault occurred. *See Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) ("Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."). She filed this lawsuit over three years later on March 13, 2012. As such, unless tolling applies, her claims are barred.

Tolling for § 1983 claims is governed by state law. *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010). "Under Colorado law, plaintiffs bear the burden of demonstrating that the statute of limitations should be tolled." *Id.* In response to an order

---

[1] The magistrate judge concluded that Shinault's claim was time-barred and she was not entitled to equitable tolling. Shinault did not offer specific objections to this portion of the recommendation, but the district court judge nonetheless conducted a de novo review.

to show cause issued by the district court, Shinault suggested that her untimeliness in filing had been caused by a mental or physical disability. The district court allowed the suit to proceed into discovery, and Shinault had many opportunities to provide evidence in support of her asserted disabilities. In discovery, the defendants sought information relating to her medical and psychological treatment. Shinault provided a copy of one prescription. In response to the defendants' motion for summary judgment, Shinault mentioned "documents of her mental disabilitys [sic] and current mental medication" but provided no supporting evidence. Finally, in her objection to the magistrate's recommendation, Shinault asserted that she had been involved in a mental health program from March 2009 to August 2011, and that she was on mental health medication from January 2012 to October 2013. But she did not connect these dates to the record or provide evidence substantiating her treatment. In other words, Shinault never demonstrated a specific disability during the limitations period, February 11, 2009 to February 12, 2011, that would have rendered her unable to timely file her suit. Thus, the district court was right to conclude that tolling did not apply.

Viewing Shinault's pleadings generously,[2] we find no error in the district court's order granting summary judgment based on the untimeliness of her claim. Thus, we dismiss this appeal.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge

---

[2] Because Ms. Shinault is pro se, her pleadings are afforded a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).