FILED
United States Court of Appeals
Tenth Circuit

May 26, 2016

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

NIGEL GILLINGS,

     Plaintiff - Appellant,

v.

LT. BANVELOS; LT. YAGAR; H.
WALKER; LT. HART,

     Defendants - Appellees.

No. 15-1486
(D.C. No. 1:15-CV-00172-LTB)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Nigel Gillings—then a federal prisoner—brought suit under *Bivens v. Six*

*Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971),

alleging, inter alia, an Eighth Amendment violation. The district court sua sponte ordered

Gillings to show cause why the court shouldn't dismiss the action based on Gillings'

---

[*] After examining the brief and the appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

failure to comply with Colorado's two-year statute of limitations.[1] *See Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) ("A *Bivens* action is subject to the limitation period . . . set by the personal injury statute in the state where the cause of action accrues.").

In response, Gillings asserted that the district court should equitably toll the statute of limitations because Bureau of Prisons (BOP) employees allegedly interfered with his efforts to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust administrative remedies before filing suit under federal law); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (explaining that § 1997e(a)'s exhaustion requirement applies to *Bivens* actions). The district court rejected Gillings' equitable-tolling argument and dismissed his action with prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1). Gillings appeals, arguing the district court abused its discretion in determining that he isn't entitled to equitable tolling. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004) ("We review the district court's refusal to apply

---

[1] At the outset, Gillings suggests that the district court erred in sua sponte invoking the statute-of-limitations defense. *See Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (holding that district court improperly dismissed pro se prisoner's civil rights complaint by sua sponte raising "statute of limitations defense that was neither patently clear from the face of the complaint nor rooted in adequately developed facts"). But here, the district court "issue[d] a show cause order giving [Gillings] an opportunity to explain why the statute of limitations should be tolled." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009). Accordingly, we reject this argument. *See id.* (noting district court may sua sponte dismiss a prisoner's civil rights action on the basis of the statute of limitations if court provides prisoner "notice and an opportunity to be heard on the issue").

equitable tolling for an abuse of discretion." (quoting *Garrett v. L.E. Fleming*, 362 F.3d 692, 695 (10th Cir. 2004))).

Under Colorado law, "equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). And "when exhaustion is a necessary condition precedent to filing suit," the exhaustion requirement may constitute an extraordinary circumstance that prevents a plaintiff from timely filing his or her claim. *Braxton v. Zavaras*, 614 F.3d 1156, 1162 (10th Cir. 2010) (citing *Dean Witter Reynolds, Inc.*, 911 P.2d at 1097). Nevertheless, the district court concluded that Gillings isn't entitled to equitable tolling because, according to the district court, Gillings "failed to diligently pursue his opportunity to file." R. 180 (citing *Braxton*, 614 F.3d at 1161-63; *Rosales v. Ortiz*, 325 F. App'x 695, 699 (10th Cir. 2009) (unpublished)).

In *Rosales*, we declined to equitably toll the statute of limitations under Colorado's extraordinary-circumstances doctrine because "ample time for filing within the two-year limitations period remained after the exhaustion of remedies, but . . . the plaintiff failed to diligently pursue his opportunity to file." 325 F. App'x at 699-700. Likewise, in *Braxton*, we held that the plaintiffs weren't entitled to equitable tolling under Colorado's extraordinary-circumstances doctrine because, even though they "had over a year remaining to file their action in federal court" after they "receiv[ed] the

3

responses to their final administrative appeals," the plaintiffs "waited approximately two years to file suit." 614 F.3d at 1162.

*Braxton* and *Rosales* stand for the proposition that plaintiffs who fail to diligently pursue their claims *after exhausting their administrative remedies* are not entitled to equitable tolling under Colorado's extraordinary-circumstances doctrine. *See id.*; *Rosales*, 325 F. App'x at 699-700; *see also Dean Witter Reynolds, Inc.*, 911 P.2d at 1098 ("The extraordinary circumstances basis for applying equitable tolling requires good faith efforts on the part of the plaintiff to pursue his or her claims."). But, as the district court noted, Gillings never exhausted his administrative remedies.[2] Thus, this isn't a case where Gillings' "failure to return promptly to federal court *following exhaustion of administrative remedies*" constitutes a failure to "demonstrate diligent efforts to pursue his claims." *Rosales*, 325 F. App'x at 700 (quoting *Russell-El v. United States*, No. 99-1124, 1999 WL 987350, at *3 (10th Cir. Nov. 1, 1999) (unpublished)). Accordingly, the

---

[2] To the extent Gillings may have failed to exhaust his administrative remedies, he points out that "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). Gillings argues he is entitled to relief under *Little* because BOP staff members repeatedly assured him that his administrative claims were "under investigation" and that he should "wait 6 months" for a response. Aplt. Br. 17. Although Gillings raised these same allegations below, the district court failed to address them. Accordingly, we take no position on whether these allegations—if true—are sufficient to excuse Gillings' failure to exhaust. *See Welch v. Unum Life Ins. Co. of Am.*, 382 F.3d 1078, 1087-88 (10th Cir. 2004) (noting that we generally refrain from considering issues not passed on below and remanding case to give district court an opportunity to address issue in first instance).

district abused its discretion in relying on *Braxton* and *Rosales* to conclude that Gillings isn't entitled to equitable tolling. We therefore reverse the district court's order dismissing this action and remand to the district court for further proceedings. We also grant Gillings' motion to proceed in forma pauperis on appeal. But we remind him of his obligation to pay the filing fee in full.

Entered for the Court,


Nancy L. Moritz
Circuit Judge