FILED
United States Court of Appeals
Tenth Circuit

July 12, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

EDDIE MAGALLANES,

     Plaintiff - Appellant,

v.

P. HARDING, individually and in his
official capacity; SECURITY MAJOR
DOE, individually and in his official
capacity; EDDIE WILSON, individually
and in his official capacity; DAN
SHANNON, individually and in his official
capacity; ROBERT LAMPERT,
individually and in his official capacity;
STEVE LUNDLY, individually and in his
official capacity; STEVE HARGETT,
individually and in his official capacity;
CORPORAL KENNEDY, individually and
in his official capacity; MATTHEW
MEAD, individually and in his official
capacity; MICHAEL GROOMAN,
individually; JOSEPH MARTINEZ,
individually; BOBBY SCHAPER; STATE
OF WYOMING; WYOMING
DEPARTMENT OF CORRECTIONS;
WYOMING STATE PENITENTIARY;
JOHN AND JANE DOES, 1-30,
individually and in his/her/their official
capacity(ies),

     Defendants - Appellees.

No. 17-8077
(D.C. No. 2:16-CV-00278-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted

_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.

_____

Plaintiff Eddie Magallanes brought suit under 42 U.S.C. § 1983 and Wyoming law against several prison officials and inmates arising out of his beating while incarcerated at the Wyoming State Penitentiary (WSP). The United States District Court for the District of Wyoming dismissed all his claims. On appeal Magallanes challenges only the dismissal of his § 1983 claims against prison officials based on his failure to exhaust prison administrative remedies and qualified immunity. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. Because the district court correctly dismissed his claims with prejudice for failure to exhaust, we need not address qualified immunity.

"Under the Prison Litigation Reform Act (PLRA), [prisoners are] required to exhaust all available administrative remedies prior to filing . . . suit in federal court." *Braxton v. Zavaras*, 614 F.3d 1156, 1161 (10th Cir. 2010). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). Wyoming prisoners are required to submit their initial grievances within 30 days of the relevant incident.

---

without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2012 Magallanes was placed in an administrative-segregation unit at the WSP after he was involved in an altercation with a corrections officer. On November 19, 2014, he was released back into a general-population unit. Soon after being released into general population, three fellow inmates assaulted him, causing a traumatic brain injury that placed him in a coma for a month. The State conducted an investigation into the assault that began on the date of the assault and concluded in April 2015.

On December 10, 2014, Magallanes was moved to the infirmary at the Wyoming Medium Correctional Institute (WMCI), which had better treatment capabilities. He was moved from the infirmary to a segregation unit in April 2015. In August 2015, nine months after his assault, an outside medical consultant concluded that he had made significant improvements in his recovery and might no longer require physical, occupational, or speech therapy. By January 2016 he was able to file a grievance asking to be returned to general population at the WMCI or to be returned to WSP, although this request was denied since classification and housing decisions could not be addressed under the grievance policy.

On March 30, 2016, while still housed at the WMCI, Magallanes filed a separate grievance concerning his 2014 assault. His grievance was forwarded to the WSP. The grievance asserted that prison officials placed him in general population at the WSP knowing that he would be assaulted by other inmates. The WSP rejected the grievance as untimely. The grievance manager indicated that although Magallanes's injuries excused him from having to meet the 30-day requirement, his grievance was still filed too late after his 2014 assault. On April 3, 2016, he filed two separate appeals: one to the

3

Director of the Wyoming Department of Corrections (WDOC) and another to the WMCI, where he was still housed. The Director summarily rejected his appeal since it was not accepted by the WSP and thus could not be considered by the Director. A few days later, the WMCI rejected his other appeal. Ignoring any issue of timeliness, the WMCI explained that the State had already conducted an investigation into the assault and did not intend further action.

We agree that the grievance was untimely. Magallanes filed his initial grievance in March 2016, far after the 30-day deadline to grieve his November 2014 beating. Although he was certainly entitled to additional time because of his coma, he fails to explain why he could not have filed a grievance much earlier. He had been released from the infirmary about a year before he filed the grievance, and he had even filed a grievance on an unrelated issue two months earlier.

We are not persuaded by Magallanes's suggestion that the State waived the 30-day limit because the WMCI did not reject his appeal on timeliness grounds. Even if we make the doubtful assumption that the WMCI had authority to hear an appeal from denial of a grievance by the WSP, the Director of the WDOC is the highest authority, and he affirmed the untimeliness dismissal.

Because Magallanes did not file a timely grievance, he failed to exhaust administrative remedies and his § 1983 claim was properly dismissed. Although Magallanes argues that the district court should have permitted him to amend his complaint, he does not explain how he could overcome his failure to exhaust. The district court's dismissal with prejudice was therefore proper. *See McKinney v.*

*Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991) (court need not permit plaintiff to amend when amendment would be futile).

We **AFFIRM** the district court's judgment.

Entered for the Court


Harris L Hartz
Circuit Judge