**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

EDWARD HOID,

    Plaintiff - Appellant,

v.

GRAY MEDIA GROUP, INC., d/b/a CBS
KKTV 11,

    Defendant - Appellee.

No. 25-1058
(D.C. No. 1:24-CV-01127-PAB-CYC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **EID**, and **ROSSMAN**, Circuit Judges.

_____

Edward Hoid sued Gray Local Media, Inc. in state court, asserting defamation-related claims based on news content that Gray Media had published about him.[1] Gray Media removed the case to federal district court based on diversity jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument, and Hoid's motion for oral argument, filed August 25, 2025, is denied. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The defendant was identified in district court as "Gray Media Group, Inc." Gray Media notifies us that its name has changed to "Gray Local Media, Inc." _See_ Aplee Br. (cover) n.1.

The district court granted Gray Media's motion to dismiss, concluding that Colorado's statute of limitations for defamation claims barred Hoid's action. He appeals pro se from the dismissal.[2] We have jurisdiction, *see* 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

Hoid's claims are based on Gray Media's reporting about the death of Randall Schubert, a 71-year-old man who died on November 16, 2020, from injuries sustained 11 days earlier. Hoid contends that Schubert died from an improperly treated subdural hematoma resulting from a fall from his bicycle. He alleges that Gray Media falsely reported that Hoid had murdered Schubert as part of a robbery and assault.

Hoid filed his complaint in state court on February 29, 2024. The complaint asserts claims for defamation, placing Hoid and his family in a false light, and child endangerment. Gray Media removed the case to the United States District Court for the District of Colorado.

Gray Media then filed a special motion to dismiss the complaint under Colorado's Anti-SLAPP statute.[3] Among other things, Gray Media argued that Hoid

---

[2] We liberally construe Hoid's pro se filings, but we do not act as his advocate. *See Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023).

[3] The Anti-SLAPP (Strategic Lawsuit Against Public Participation) statute provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States constitution or the state constitution in connection with a public issue is subject to a special motion to dismiss unless the court determines that the plaintiff has established

could not demonstrate a reasonable likelihood of success on his claims because he had filed his complaint after the statutory limitations period expired.

Although given several extensions to do so, Hoid did not timely respond to the motion to dismiss. A magistrate judge recommended granting the motion. The district court accepted the magistrate judge's recommendation and dismissed the action with prejudice. The district court found that Hoid's complaint was untimely under Colorado's one-year statute of limitations for defamation claims and that he had not shown that the limitations period should be equitably tolled.

## DISCUSSION

We review de novo the district court's dismissal of an action under an Anti-SLAPP statute. *See Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 643 (9th Cir. 2009). We also review de novo the district court's interpretation and application of statutes of limitations. *United States v. Piette*, 45 F.4th 1142, 1159 (10th Cir. 2022).

Gray Media argues that Hoid's appellate arguments do not provide a basis to overturn the district court's judgment. We agree.

"The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). In his 83-page brief Hoid makes only a few, scattered references to

___

that there is a reasonable likelihood that the plaintiff will prevail on the claim." Colo. Rev. Stat. § 13-20-1101(3)(a).

3

the statute of limitations. The closest he comes to an argument on that issue is in his unsupported, conclusory statements that his claims are exempt from any limitations period. He also contends, without elaboration, that the district court's "fraudulent concealment and refusals of subpoenas did make it impossible to file sooner" and that he "was hand writing [sic] claims while incapacitated and under maximum security prison scrutiny." Aplt. Opening Br. at 49. These isolated, undeveloped statements do not adequately raise an appellate issue for our review. Any challenge to the dismissal based on the statute of limitations is therefore waived. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived . . . [as are] arguments that are inadequately presented . . . ." (internal quotation marks omitted)).[4] Although Hoid raises many other contentions in his opening brief, he has not shown that they warrant reversal of the district court's dismissal of his complaint as untimely.

And even if we were to reach the merits, we would affirm the district court's decision. Defamation claims are subject to a one-year statute of limitations under

---

[4] Hoid also states that he "proposed an amended complaint to include all the participants and offenses," which "the District Court would not allow, which is an obstruction of justice." Aplt. Opening Br. at 76. Hoid did make two unsuccessful attempts to amend his complaint. First, he filed a motion for leave to amend on September 19, 2024. The magistrate judge recommended denying this motion as moot because any attempt to amend would be futile. Second, the district court rejected Hoid's renewed attempt to obtain leave to amend in a responsive pleading he filed. The district court reasoned that he had not filed a separate motion and had failed to submit an amended pleading for its review. Hoid has failed to explain why the district court erred in these rulings and has therefore waived any challenge to the denials of leave to amend. *See Sawyers*, 962 F.3d at 1286.

Colorado law. *See* Colo. Rev. Stat. § 13-80-103(1)(a).[5] Gray Media posted its article about Hoid on November 18, 2020, thus beginning the running of the statute. He did not bring his claims until February 29, 2024, long after the statute of limitations had expired.

The district court further held that Hoid failed to demonstrate that he was entitled to equitable tolling of the statute of limitations. We review a district court's denial of equitable tolling for an abuse of discretion. *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010). The district court determined that Hoid failed to show that either his incarceration or his alleged incapacity from improperly treated diabetes warranted equitable tolling of the relevant limitations period. In particular, the court cited Hoid's failure to explain precisely when he became incapacitated after he was arrested on November 27, 2020, which was after the statutory limitations period had already begun running. We discern no abuse of discretion in the district court's denial of equitable tolling under the circumstances.[6]

---

[5] Although only one of Hoid's three claims was expressly identified as a defamation claim, Gray Media persuasively argued that all three claims were time-barred, even if we applied to the other two claims Colorado's two-year statute of limitations for tort claims in general. *See* Colo. Rev. Stat. § 13-80-102(1)(a). We agree and may affirm on this alternative basis. *See Schell v. Chief Justice & Justices of Okla. Supreme Ct.*, 11 F.4th 1178, 1186 (10th Cir. 2021) (We may affirm a dismissal "on any ground supported by the record, so long as the plaintiff has had an opportunity to address the alternative ground." (brackets and internal quotation marks omitted)).

[6] The record reflects that Hoid managed to file other actions against media defendants based on similar articles in 2023, nearly a year *before* he filed this case in February 2024. He also claimed that he had filed complaints in other cases in February 2020 and March 2023, claims in federal courts in 2022 and 2023, and

**CONCLUSION**

We affirm the district court's dismissal.  We grant Hoid's motion to proceed

on appeal without prepayment of costs or fees.

Entered for the Court

Harris L Hartz
Circuit Judge

unspecified "claims" with either an agency or the courts in 2021, "while
incapacitated," R. at 608.  In light of this litigation activity during these crucial years
after his alleged injury in this case, he fails to show that the district court erred in
denying equitable tolling based on his incarceration and/or alleged incapacity.