**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DANY L. CLEMENTSON,

        Plaintiff-Appellant,

v.

COUNTRYWIDE FINANCIAL
CORPORATION, a Delaware
corporation; COUNTRYWIDE
HOME LOANS, INC., a New York
corporation; ANGELO MOZILO, an
individual; DAVID SAMBOL, an
individual; BANK OF AMERICA
CORPORATION, a Delaware
corporation, as successor in interest
to Countrywide Financial
Corporation; and others as DOES
1-25, inclusive,

        Defendants-Appellees.

No. 11-1272
(D.C. No. 1:10-CV-01956-WYD-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Dany L. Clementson, proceeding pro se here as in the district court, appeals the district court's judgment dismissing his claims. One corporate defendant, Bank of America Corporation ("BAC"), waived service of process; the others were not served. Mr. Clementson voluntarily dismissed the individual defendants. The district court entered judgment in favor of BAC. We affirm.

### BACKGROUND

Mr. Clementson's claims are based on a refinancing of his home mortgage loan in October 2003 and subsequent events. He consolidated his existing mortgages and obtained a new mortgage from defendants Countrywide Financial Corp. and Countrywide Home Loans, Inc. (collectively, "Countrywide"). He fell behind in his mortgage payments and a foreclosure was scheduled for February 1, 2007. Countrywide agreed to a delay, during which Mr. Clementson filed for Chapter 7 bankruptcy protection on March 14, 2007. In October 2009, Mr. Clementson requested a loan modification, which Countrywide rejected. The bankruptcy case was closed on November 20, 2009.

Mr. Clementson filed suit in Colorado state court in July 2010. BAC, who had acquired the Countrywide entities in July 2008, accepted service of process and removed the case to federal court, invoking diversity jurisdiction. *See* 28 U.S.C. § 1332(a). In his complaint, Mr. Clementson asserted seven causes of action: (1) violation of the Colorado Consumer Protection Act ("CPPA"),

Colo. Rev. Stat. §§ 6-1-101 to 6-1-115; (2) fraud resulting in theft; (3) conspiracy to commit fraud resulting in theft; (4) tortious acts resulting in personal injuries; (5) breach of contract; (6) breach of the implied covenant of good faith and fair dealing; and (7) violation of the Colorado Organized Crime and Control Act ("COCCA"), Colo. Rev. Stat. §§ 18-17-101 to 18-17-109.

A magistrate judge recommended dismissal of all claims except his claim requesting injunctive relief. The district court adopted the recommendation, issued a show cause order concerning the injunctive-relief issue, dismissed the injunctive-relief issue, and entered judgment in favor of BAC. Mr. Clementson appeals.

## *ANALYSIS*

### A. Appellate Jurisdiction

Although BAC has not challenged our jurisdiction over this appeal, we have an independent duty to examine it. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001). We first consider whether Mr. Clementson's notice of appeal was taken from a final decision because generally "only final decisions of the district court are appealable." *Id.* at 1275 (citing 28 U.S.C. § 1291). A final decision is one that "end[s] the litigation on the merits" and "leaves nothing for the court to do but execute the judgment." *Harbert v. Healthcare Servs. Group., Inc.*, 391 F.3d 1140, 1145 (10th Cir. 2004) (internal quotation marks omitted) (alteration omitted).

-3-

Mr. Clementson filed a notice of appeal from the district court's May 18, 2011, order adopting the magistrate judge's recommendation, before the court had ruled on his claim for injunctive relief. He did not file a supplemental notice of appeal after the court entered a final judgment on all claims. Therefore, Mr. Clementson's notice of appeal was premature. Even so, we conclude that Rule 4(a)(2) of the Federal Rules of Appellate Procedure operates to ripen the premature notice. Rule 4(a)(2) provides that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." "A premature notice of appeal may ripen . . . upon entry of a subsequent final order, so long as the order leading to the premature notice of appeal has some indicia of finality and is likely to remain unchanged during subsequent court proceedings." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1111 (10th Cir. 2007) (citations omitted) (relying on *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 277(1991)). We conclude that the district court's order adopting the magistrate judge's recommendation has sufficient indicia of finality to trigger the savings provision of Rule 4(a)(2). It disposed of most of Mr. Clementson's claims and was unlikely to be changed.

Our determination that the notice of appeal ripened to confer appellate jurisdiction over the May 18, 2011, order does not, however, apply to the July 18, 2011, order dismissing the claim for injunctive relief. While the filing of a final

order serves to ripen a premature notice of appeal, it "does not automatically effectuate the appeal of every judgment or order entered in the entire case." *Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 846 (10th Cir. 1992).  Rather, the notice confers jurisdiction over only those orders in existence at the time it was filed.  *See id.*  Therefore, this court lacks jurisdiction over Mr. Clementson's appeal from the order dismissing his claim for injunctive relief.

### B.  Mr. Clementson's Pro Se Status

Mr. Clementson includes in several of his appellate arguments a claim that because he was a pro se litigant the district court should have identified and explained deficiencies in his filings and invited him to correct them.  A pro se litigant's pleadings are entitled to a liberal construction.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  The court, however, does not act as a litigant's advocate.  *Jordan v. Sosa*, 654 F.3d 1012, 1018 n.8 (10th Cir. 2011).  Therefore, the district court acted correctly by not advising Mr. Clementson how to prosecute his claims.

In a related argument, Mr. Clementson asserts that the district court should have invited him to amend his complaint to correct any deficiencies.  Although he attempted to file an amended complaint in federal court, as the magistrate judge explained, he was required to obtain the defendant's consent or to seek leave of court to file an amended complaint.  R. at 256-57.  He concedes that he did not do so.  We find no abuse of discretion in the district court's lack of an invitation to

file an amended complaint and or its denial of his attempt to file one. *Cf. Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (finding no abuse of discretion in refusing to allow amended complaint where plaintiff did not explain how amendment would cure deficiencies in his complaint).

Mr. Clementson also contends that the district court should have held an evidentiary hearing on his claims. "We review the district court's denial of an evidentiary hearing for abuse of discretion." *Johnson v. Gibson*, 169 F.3d 1239, 1253 (10th Cir. 1999). Where the facts are undisputed "and the issues can be resolved on the basis of the record and the law, no evidentiary hearing is required." *Id.* (internal quotation marks omitted). Mr. Clementson does not identify any disputed material facts and our independent review confirms that the record was sufficient to resolve his claims. Therefore, the district court did not abuse its discretion in declining to hold a hearing.

### C. Designation of Proper Defendants

Mr. Clementson asserts that the district court should have resolved, sua sponte, which of the three corporate defendants were properly before the court. He failed to preserve this issue in the district court. Although on appeal he has indicated that he objected to the magistrate judge's recommendation on this issue, the magistrate judge did not address it. His objection was to the dismissal of BAC on the ground that BAC's "involvement . . . began no earlier than July of 2008 [so was not] substantially rooted in Plaintiff's pre-bankruptcy [past]."

R. at 323. Mr. Clementson's failure to raise this argument in the district court precludes our review of it. *See Ark Initiative v. U.S. Forest Serv.*, 660 F.3d 1256, 1261 (10th Cir. 2011) ("If the claims are not preserved in the district court, they are forfeited and may not be appealed."); *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (holding failure to timely object to magistrate judge's recommendation waives appellate review of factual and legal questions). Nevertheless, BAC, who indisputably acquired the Countrywide entities in July 2008, waived service of process and participated in the litigation.

### D.  Standing to Prosecute Claims

Next, Mr. Clementson challenges the district court's determination that he lacked standing to prosecute his causes of action because he failed to list them in his 2007 Chapter 7 bankruptcy petition. The issue of a party's standing is a legal question we review de novo. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010).

The district court held that Mr. Clementson's claims were property of the bankruptcy estate because they accrued before he filed for bankruptcy. They were not listed in the bankruptcy case, so they remained the property of the bankruptcy estate. *See* 11 U.S.C. §§ 541(a)(1), 554(d). Rule 17(a)(1) of the Federal Rules of Civil Procedure requires an action to "be prosecuted in the name of the real party in interest." Consequently, because the claims belonged to the bankruptcy estate, Mr. Clementson lacked standing to bring them.

Mr. Clementson asserts that his "unintentional omission, inadvertency or mistake" excused him from the requirement to list all claims in his bankruptcy petition. Aplt. Br. at 7. He argues that because his omission was unintentional, the district court improperly applied the doctrine of judicial estoppel to bar his claims. *See Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007) (stating doctrine of judicial estoppel "prohibit[s] parties from deliberately changing positions according to the exigencies of the moment" in order to "protect the integrity of the judicial process" (internal quotation marks omitted)). The district court did not apply the doctrine; rather, it applied *Eastman*'s requirement that a bankruptcy debtor disclose all of his claims and causes of action, whether pending or potential. *See id.* at 1159. Moreover, a debtor's ignorance or mistake, even if insufficiently egregious to warrant application of judicial estoppel, does not excuse a debtor from listing all potential causes of action in a bankruptcy petition. *Id.*[1]

Mr. Clementson also asserts that his cause of action based on his October 2009 renewed request to modify his mortgage loan was improperly included in the claims deemed property of the bankruptcy estate. He maintains that this claim

---

[1]     Mr. Clementson contends that the bankruptcy judge and/or trustee should have raised during the bankruptcy proceedings the causes of action he now pursues. Aplt. Br. at 12. He argues that their failure to do so indicates that the causes of action were not viable at that time. The bankruptcy judge and trustee had no duty to evaluate or prosecute Mr. Clementson's claims or act as his advocate. *See, e.g., Jordan*, 654 F.3d at 1018 n.8.

was not part of his bankruptcy estate because it arose in October 2009, after he filed his bankruptcy petition and after BAC acquired the Countrywide entities.

The October 2009 request to modify his mortgage loan was part of Mr. Clementson's ongoing campaign to keep his home from foreclosure and to arrange a suitable mortgage loan. We determine that this cause of action "is sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupt['s] ability to make an unencumbered fresh start" that it was properly considered part of the bankruptcy estate. *Segal v. Rochelle*, 382 U.S. 375, 380 (1966); *see also Parks v. Dittmar (In re Dittmar)*, 618 F.3d 1199, 1209-10 (10th Cir. 2010) (holding "contingent pre-petition property rights" were "sufficiently rooted in the pre-bankruptcy past [to be] part of the bankruptcy estate under [11 U.S.C.] § 541"). Accordingly, we conclude that the district court properly held that Mr. Clementson's failure to list his causes of action in his bankruptcy petition divested him of standing to pursue them in the underlying litigation.

### E. Statutes of Limitation

In an alternative ruling, the district court held that whether the subject causes of action belonged to the bankruptcy estate or to Mr. Clementson, all claims, except for the COCCA claim, were barred by the applicable Colorado

statutes of limitation.[2] Mr. Clementson does not challenge this holding, based on an accrual date of November 2006, when Mr. Clementson admits he was aware of defendants' improper or illegal actions, or March 14, 2007, when he was forced to file for bankruptcy to prevent foreclosure. Instead, he contends that his court action was timely because on February 16, 2010, he filed a state-court motion for a temporary restraining order.[3] He also contends that the limitations periods did not start until October 2009, the date he attempted to renegotiate his loan. He further contends that the statutes of limitations were subject to waiver, estoppel, and equitable tolling.[4] "We review de novo the dismissal of an action under Rule 12(b)(6) based on the statute of limitations." *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010).

---

[2]     Except for his COCCA claim for which a five-year statute of limitations applied, *see* Colo. Rev. Stat. § 13-80-103.8(1)(d), (2), Mr. Clementson's claims were subject to two- or three-year statutes of limitation, *see id.* §§ 13-80-101(1)(a), (c) & 13-80-102(1)(a). Moreover, Mr. Clementson's claims were time-barred even though they were subject to the bankruptcy trustee's control and the slightly modified limitations rules of the bankrptcy code. *See* 11 U.S.C. § 108(a).

[3]     Mr. Clementson's state-court motion for a temporary restraining order appears in the record as an attachment to BAC's notice removing the case to federal court. According to the notice of removal, the state court took no action on the motion and closed it administratively.

[4]     Mr. Clementson has abandoned his argument that the filing of his bankruptcy petition tolled the statutes of limitation.

Mr. Clementson argues for the first time on appeal that his February 2010 state-court motion for a temporary restraining order, not July 2010, the date he filed his state-court complaint, is the operative date for tolling the limitations periods. He has not identified where in the record he raised this argument to the district court, either in his opposition to dismissal or in his objection to the magistrate judge's recommendation, as required by 10th Cir. R. 28.2(C)(2) ("For each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on."). *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." (internal quotation marks omitted)). We have independently reviewed the record and have found no reference to this argument. *See* R. at 183-86; 324-27. Mr. Clementson has not preserved this issue for review; it is forfeited. *See Ark Initiative*, 660 F.3d at 1261; *Casanova*, 595 F.3d at 1123.[5] We note that the motion for a temporary restraining order did not set out any causes of action, but asserted in conclusory fashion that the defendants engaged in deceptive trade practices. R. at 56, 58.

---

[5] For the same reason, we do not address Mr. Clementson's suggestion that he or the district court should have raised "the question of 'personal injury' claims, claims in tort in general, and when if ever they would become the property of the estate in a Bankruptcy case." Aplt. Br. at 23.

Mr. Clementson next asserts that the limitations period did not begin to run until the October 2009 rejection of his request to modify his mortgage loan. He asserts that he did not discover some facts until after BAC acquired the Countrywide entities in July 2008. But he stated that as of November 2006, he was aware that defendants had engaged in improper or illegal activity. And he concedes that a cause of action accrues when the plaintiff has "knowledge of facts essential to the cause of action." Aplt. Br. at 8 (internal quotation marks omitted).

Mr. Clementson also maintains that he was entitled to the benefit of the equitable doctrines of waiver, estoppel, and equitable tolling. "We review the district court's refusal to apply equitable [remedies] for an abuse of discretion." *Braxton*, 614 F.3d at 1159 (internal quotation marks omitted). Mr. Clementson has identified no facts to support his claim for equitable relief from the statutes of limitation. Because he has not demonstrated that "the defendant has wrongfully impeded [his] ability to bring the claim[s] or truly extraordinary circumstances prevented [him] from filing his . . . claim[s] despite diligent efforts," he is not entitled to equitable relief. *Id.* at 1161 (internal quotation marks omitted) (addressing equitable tolling). The district court correctly dismissed all of Mr. Clementson's claims, except the COCCA claim, as time-barred. As we discuss next, the COCCA claim was properly dismissed for failure to state a claim.

## F. COCCA Claim

The district court determined that Mr. Clementson's complaint failed to state a claim under the COCCA because it did not allege the requisite two acts of racketeering activity. *See* Colo. Rev. Stat. §§ 18-17-103 (defining "[p]attern of racketeering activity" as "engaging in at least two acts of racketeering activity which are related to the conduct of the enterprise"); 18-17-104 (making unlawful "a pattern of racketeering activity"). We review this holding de novo. *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1171 (10th Cir. 2011) ("Generally speaking, we review de novo a district court's ruling on a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Mr. Clementson's appellate brief refers to his complaint wherein, as the magistrate judge noted, he alleged only one possible act of racketeering activity. He has not attempted to demonstrate error in the magistrate judge's conclusion, except to cite *New Crawford Valley, Ltd. v. Benedict*, 877 P.2d 1363 (Colo. App. 1993). *New Crawford* does not help Mr. Clementson because it states that a claim under the COCCA requires proof of "'at least two acts of

-13-

racketeering activity which are related to the conduct of the enterprise.'"

*Id.* at 1371 (quoting Colo. Rev. Stat. § 18-17-103(3)).  Mr. Clementson's failure

to allege two acts of racketeering activity is fatal to his COCCA claim.

### *CONCLUSION*

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge