FILED
United States Court of Appeals
Tenth Circuit

**March 26, 2014**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BRIAN S. WILLESS,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 13-6159
(D.C. No. 5:12-CV-00585-HE)
(W.D. of Okla.)

**ORDER**

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Brian S. Willess sued the United States for damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346. He alleged that the medical staff at the Department of Veterans Affairs (VA) Medical Center in Oklahoma City negligently failed to diagnose and treat his back injury. The district court dismissed the suit for lack of subject matter jurisdiction pursuant to 38 U.S.C. § 511(a), finding that the Act did not allow for a legal challenge to the VA's benefits determination. We need not reach this issue because we DISMISS Willess's appeal for lack of standing.

Willess is an honorably discharged veteran of the United States Air Force. In September 2001, he sustained a lower back injury in a car accident on Tinker

Air Force Base and received treatment while on active duty and after his military discharge. In the months after the injury, Willess frequently visited the base's medical facility with complaints of increasing pain in his lower back and leg. Treatment with narcotics, anti-inflammatories, and physical therapy failed to improve his symptoms. MRIs performed over the next three years revealed that Willess had a disc protrusion in his lower back encroaching upon the spinal cord, but his treatment remained unchanged. Upon discharge from the Air Force, the VA authorized Willess to receive treatment for his service-connected injury.

In December 2007, he aggravated his injury and sought treatment at the VA Medical Center in Oklahoma City. The medical staff determined that Willess's injuries did not require immediate surgery and advised Willess that he would have to quit smoking for six months before any elective surgery. In February 2008, Willess sought treatment at a private medical center. MRI results revealed a ruptured disc and the need for prompt surgical intervention. According to the complaint, Willess discovered in September 2008 that the VA's negligent delays in diagnosis and proper treatment resulted in permanent injury.

Willess submitted a tort claim notice with the VA, and the VA denied his claim on December 3, 2010. Willess sought reconsideration, but the VA again denied his claim on November 22, 2011. In May 2012, Willess filed suit under the FTCA, alleging negligent delay in treatment. He alleged negligence for failure to diagnose his ruptured disc and failure to provide proper treatment for

his injury. According to the complaint, the VA's negligence caused Willess to seek private sector care at great expense and undergo a more extensive surgery. The negligent delay in treatment resulted in permanent nerve damage that could have been avoided if a timely diagnosis had been made.

The district court granted the government's motion to dismiss for lack of subject matter jurisdiction. The court held that Willess's claim was in reality a challenge to a benefits determination and, pursuant to 38 U.S.C. § 511(a), the Secretary of Veterans Affairs has exclusive jurisdiction over such claims. Willess filed a timely appeal.

While the appeal was pending, the United States submitted a status report that revealed Willess had filed for Chapter 7 bankruptcy in December 2009. His estate was fully administered and his application discharged in April 2011. The government argued that because Willess's personal injury claim had accrued prior to his bankruptcy filing, it became an asset of the bankruptcy estate. *See* 11 U.S.C. § 511(a)(1) (the bankruptcy estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case"). Because the trustee of the bankruptcy estate "is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed," Willess lacks standing to prosecute his personal injury claim. *In re Cook*, 520 F. App'x 697, 701 (10th Cir. 2013) (quoting *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 795 (D.C. Cir. 2010)).

In response to an order to show cause why his case should not be dismissed for lack of standing, Willess argued that because he filed for bankruptcy before filing his personal injury claim, he maintains standing to prosecute his claim. But the relevant date for determining if a legal claim becomes property of the bankruptcy estate is the date of the claim's accrual, not the date the claim is brought. *See Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1159 (10th Cir. 2007) (debtor is required to disclose "all legal claims and causes of action, *pending or potential*, which a debtor might have") (emphasis added). Willess averred in his complaint that he discovered the negligent delays in diagnosis and proper treatment caused permanent damage in September 2008, over a year before he filed for bankruptcy.[1] Indeed, Willess filed a tort claim with the VA while his bankruptcy proceeding was pending. Upon filing for bankruptcy, the trustee of the bankruptcy estate became the real party in interest and only he retained standing to bring Willess's personal injury claim. Because Willess is no longer the real party in interest, he lacks standing to prosecute the claim. *See* Fed. R. Civ. P. 17(1) ("An action must be prosecuted in the name of the real party in interest.").

Willess argues that because he is not a trained attorney and had been suffering personal turmoil at the time of his bankruptcy filing, his omission was a

---

[1] Under the FTCA, a medical malpractice claim accrues when the plaintiff becomes aware of his injury and its cause. *United States v. Kubrick*, 444 U.S. 111, 120 (1979).

result of "mistake, inadvertence, confusion, lack of understanding, lack of legal sophistication, and the like." *Eastman*, 493 F.3d at 1157. *Eastman*, however, concerned the application of judicial estoppel to a plaintiff's claim that should have been listed on his bankruptcy petition. Although these excuses for omissions may, in limited circumstances, bar the application of judicial estoppel, they do not relieve a debtor of the requirement to list all potential claims in a bankruptcy petition, nor can they grant a plaintiff standing to pursue the claim. *See Clementson v. Countrywide Fin. Corp.*, 464 F. App'x 706, 711 (10th Cir. 2012) (unpublished).

Willess's personal injury claim accrued before he filed for Chapter 7 bankruptcy and is the property of the bankruptcy estate. Because Willess does not have standing to prosecute this claim, the appeal is therefore DISMISSED for lack of standing.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge