72 F.3d 138
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Hugh A. LICHTENHAHN, Owner/Agent, Plaintiff-Appellant,
and
Richard A. Lichtenhahn, Owner, Plaintiff,
v.
BUREAU OF LAND MANAGEMENT, Defendant-Appellee.
 No. 95-1234.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Hugh A. Lichtenhahn appeals the district court's dismissal without prejudice of his suit seeking to enjoin the Bureau of Land Management (BLM) and its official Richard Tate from declaring as abandoned eight mining claims to which plaintiff claims title. The dismissal was for plaintiff's failure to exhaust administrative remedies, since he had an appeal of the BLM decision pending before the Department of Interior Board of Land Appeals. The Recommendation of the magistrate judge of April 21, 1995, adopted by the district court, accurately states the facts and law in significant detail. We can add little to that thorough discussion and agree that the complaint was properly dismissed for failure to exhaust administrative remedies.
 
 
 3
 On appeal plaintiff makes an additional contention that he is entitled to the appointment of a guardian pursuant to Fed.R.Civ.P. 17(c). Since he is not an infant, to be entitled to a guardian plaintiff would have to be an incompetent person. There is no indication in the record that he has ever been adjudicated incompetent. His only reference to his mental incapacity is that he suffers from neurological problems as a result of an Army injury in 1946. A copy of his notice of appeal to the Department of Interior Board of Land Appeals appearing in the record, I R. tab 5, ex. 2, is the work of a competent person; either plaintiff is competent enough to handle that appeal or he had the help of obviously competent counsel. We hold that plaintiff does not satisfy the requirements for appointment of a guardian to pursue the instant case, which the court was required to dismiss in any event.
 
 
 4
 AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470