**Thomas GRAHAM, Plaintiff–Appellant,**

v.

**TELLER COUNTY, COLORADO; Mike Ensminger, individually and in his official capacity as Teller County Sheriff; Michael Romero, individually and in his official capacity as detective, Teller County Sheriff's Office Deputy and Member of Teller County Emergency Response Team; Josh Weatherrill, individually and in his official capacity as Deputy, Teller County sheriff's Office and Member of Teller County Emergency Response Team; Nick Hartbauer, individually and in his official capacity as Deputy of Teller County Sheriff's Office and Member of Teller County Emergency Response Team; Jesse Baker, individually and in his official capacity as Tactical Medic of the Teller County Emergency Response Team, Defendants–Appellees.**

No. 15–1192.

United States Court of Appeals, Tenth Circuit.

Nov. 27, 2015.

Thomas Graham, Colorado Springs, CO, pro se.

Leslie Schluter, Schluter & Associates, Greenwood Village, CO, for Defendants–Appellees.

Before HARTZ, BALDOCK, and MORITZ, Circuit Judges.

## ORDER AND JUDGMENT[*]

NANCY L. MORITZ, Circuit Judge.

### Background

Plaintiff–Appellant Thomas Graham first brought an action in October 2012 under 42 U.S.C. § 1983 for injuries he allegedly suffered at the hands of deputies from the Teller County Sheriff's Office. That case was dismissed when Graham failed to cure filing deficiencies. Over two years later, Graham attempted to resurrect that action by filing a similar complaint. The defendants moved to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) asserting the claims were time barred. Graham responded by filing an amended complaint alleging mental incompetence in an effort to toll the statute of limitations.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. See Fed. R.App. P. 32.1; 10th Cir. R. 32.1.

The district court rejected Graham's tolling argument and dismissed the action as untimely filed.

Proceeding pro se,[1] Graham appeals the dismissal of his complaint. He argues the statute of limitations should have been tolled under Colo.Rev.Stat. § 13–81–103, or, alternatively, that he was entitled to equitable tolling. Graham also argues the district court should have sua sponte appointed him a guardian ad litem.

Because we conclude this action is time barred and the district court did not err in failing to appoint Graham a guardian ad litem, we affirm.

## ANALYSIS

### I. Statute of Limitations

In a § 1983 action, state law governs the statute of limitations and tolling. *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010). Under Colorado law, once a defendant asserts a statute-of-limitations defense, a plaintiff bears the burden of establishing the statute should be tolled. *Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850, 855 (Colo.1992). If the plaintiff doesn't plead sufficient factual matter to plausibly establish entitlement to tolling, a district court can properly dismiss the action under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980).

We review a district court's dismissal of an action under Rule 12(b)(6) based on the statute of limitations de novo, but review the court's refusal to equitably toll the statute for an abuse of discretion. *Braxton*, 614 F.3d at 1159. In our review, we accept the nonmoving party's factual allegations as true and grant all reasonable inferences in favor of the same, but give no weight to mere legal conclusions or " 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

■ The parties agree this § 1983 action is governed by Colorado's two-year statute of limitations for personal-injury claims, and thus would have been time barred in October 2012 absent tolling. *See* Colo.Rev.Stat. § 13–80–102; *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). But as Graham points out, the statute of limitations doesn't run against a person who is mentally incompetent and without a legal guardian. *See* Colo.Rev.Stat. §§ 13–81–101, –103; *Southard v. Miles*, 714 P.2d 891, 897 (Colo.1986).

For purposes of Colorado's tolling provision, an individual is mentally incompetent if he or she is "a person with an intellectual and developmental disability, as defined in section 25.5–10–202." Colo.Rev.Stat. § 25.5–10–237. That provision in turn provides that a " '[p]erson with an intellectual and developmental disability' means a person determined by a community-centered board to have an intellectual and developmental disability." Colo.Rev.Stat. § 25.5–10–202(26)(b). And an "intellectual and developmental disability" means a disability

that manifests before the person reaches twenty-two years of age, that constitutes a substantial disability to the affected person, and that is attributable to mental retardation or related conditions, which include cerebral palsy, epilepsy,

---

1. Because Graham is appearing pro se, we liberally construe his pleadings. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir.2009).

But it's not our role to act as his advocate. *Id.*

autism, or other neurological conditions when those conditions result in impairment of general intellectual functioning or adaptive behavior similar to that of a person with mental retardation.

Colo.Rev.Stat. § 25.5–10–202(26)(a); *see also Southard,* 714 P.2d at 898–99 (relying on predecessors to §§ 25.5–10–202, –237 to define "mentally incompetent" for purposes of the tolling provision).

The only facts Graham pleaded to establish his alleged mental incompetency appear in paragraph 107 of his amended complaint,[2] which states,

> Mr. Graham was unable to timely file this cause of action due to the fact he was psychologically unstable as a result of the assault, (2) he was hospitalized for several days; (3) he is psychologically, emotionally, or physically unable to deal with the assault; (4) he suffers from post-traumatic stress disorder, personality disorder, sleeplessness, and flashbacks; (5) he has difficulty maintaining employment and concentrating; and (6) he suffered from nightmares. Mr. Graham's treating psychiatrist asserts that (1) he diagnosed Mr. Graham as suffering from post-traumatic stress disorder, personality disorder, and major depression; and (2) Mr. Graham was disabled as a result of the post-traumatic stress disorder, personality disorder, and major depression and is unable to make legal decisions.

R. at 50–51, ¶ 107.

But even if we agreed these facts could plausibly show an "impairment of general intellectual functioning or adaptive behavior similar to that of a person with mental retardation," *see* Colo.Rev.Stat. § 25.5–10–202(26)(a), Graham pleads no facts showing his impairment manifested before he was twenty-two years of age, *see id.,* or that he was "*determined by a community-centered board to have* [such] an intellectual and developmental disability," *see* Colo. Rev.Stat. § 25.5–10–202(26)(b) (emphasis added). And without a community-centered board's determination that Graham has an impairment under Colo.Rev.Stat. § 25.5–10–202(26)(a), Graham can't be deemed mentally incompetent for purposes of the tolling statute. *See* Colo.Rev.Stat. §§ 13–81–101, –103, 25.5–10–202(26)(a)-(b), –237; *see also Tesmer v. Colo. High School Activities Ass'n,* 140 P.3d 249, 256 (Colo.App.2006) (finding plaintiff failed to establish he had developmental disability for purposes of Colorado's Anti–Discrimination Act, in part because nothing in record showed plaintiff "was deemed to be developmentally disabled by a community centered board" as required by Colo.Rev. Stat. § 27–10.5–102). We thus agree Graham has not established he is entitled to statutory tolling.

■ Nor do we find the district court abused its discretion in refusing to equitably toll the statute of limitations. Colorado limits equitable tolling "to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or

---

**2.** Graham alleges in paragraph 106 of his amended complaint that he "lacks judgment in the management of his resources and in the conduct of his social relations to the extent that his health or safety is significantly endangered and lacks the capacity to understand that this is so." R. at 50, ¶ 106. But he is merely reciting a legal standard. *See Terry v. Sullivan,* 58 P.3d 1098, 1101 (Colo.App.

2002) (providing statutory definition for term "gravely disabled"). Thus, we give these allegations no weight for purposes of reviewing a Rule 12(b)(6) dismissal. *See Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

her claim despite diligent efforts." *Braxton*, 614 F.3d at 1161 (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo.1996)). Graham doesn't suggest the defendants impeded his ability to bring suit. Instead, he asserts his alleged mental incompetence is an extraordinary circumstance justifying equitable tolling.

We disagree. Graham relies on the same facts he alleges for purposes of statutory tolling to support his equitable tolling claim. But Graham cites no authority supporting his contention that his alleged conditions (post-traumatic stress disorder, personality disorder, sleeplessness, and depression, among others) constitute an extraordinary circumstance under Colorado law. Perhaps this is because "[t]he Colorado Supreme Court has yet to find a case that qualifies as an 'extraordinary circumstance' that would justify tolling." *Braxton*, 614 F.3d at 1161. In any event, the circumstances Graham relies on don't rise to the level of those Colorado has suggested might justify equitable tolling under its extraordinary-circumstances test. *See Dean Witter Reynolds*, 911 P.2d at 1097 (providing examples from other jurisdictions of situations that might constitute extraordinary circumstances, including a plaintiff who was unable to file a complaint because courts were closed during the Civil War; a court's erroneous enforcement of an unconstitutional statute barring a plaintiff from bringing suit; and a plaintiff who was unable to file because he was held prisoner in Japan during World War II). Thus, we agree Graham hasn't shown he is entitled to equitable tolling.

## II. Guardian Ad Litem

█ Finally, we find no error in the district court's failure to sua sponte appoint Graham a guardian ad litem. Federal Rule of Civil Procedure 17 provides, in pertinent part, that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed.R.Civ.P. 17(c)(2). Graham invokes this rule in asserting the district court was under a duty to sua sponte appoint him a guardian ad litem because of his asserted mental incompetence.

Graham has not cited, nor have we found, any controlling authority providing the proper standard for determining whether a party is incompetent for purposes of Rule 17(c)(2). However, Rule 17 provides that an individual's capacity to sue or be sued is determined "by the law of the individual's domicile." Fed.R.Civ.P. 17(b)(1). Accordingly, courts "interpret the term 'incompetent person' in Rule 17(c) to refer to a person without the capacity to litigate under the law of his state of domicile and, hence, under Rule 17(b)." *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir.1990).

Under Colorado law, a party is incompetent—thus requiring the appointment of a guardian ad litem or other appropriate order—if he or she meets Colorado's statutory definition of mental incompetence or is "mentally impaired to the degree of being incapable of effectively participating in a [legal] proceeding and thus need[s] the assistance of a fiduciary representative." *People ex rel. M.M.*, 726 P.2d 1108, 1119 (Colo.1986); *see also May v. Colo. Civil Rights Comm'n*, 43 P.3d 750, 755 (Colo.App.2002).

Again, Graham has not established he meets Colorado's statutory definition of mental incompetence. Nor do we find he is incapable of effectively participating in his legal proceedings. Graham filed two well-drafted complaints, and he prepared and responded to several substantive motions. Indeed, in light of the quality of his filings, the district court questioned wheth-

466

er Graham was really appearing pro se. *See Lichtenhahn v. Bureau of Land Mgmt.*, 72 F.3d 138, at \*1 (10th Cir.1995) (unpublished) (holding plaintiff didn't "satisfy the requirements for appointment of a guardian to pursue the instant case" because the plaintiff's "notice of appeal to the [administrative agency] appearing in the record ... is the work of a competent person; either plaintiff is competent enough to handle that appeal or he had the help of obviously competent counsel"). Because we find Graham is not mentally incompetent under Colorado's statutory provisions and his involvement demonstrates he is capable of effectively participating in his legal proceedings, we find no error in the district court's failure to sua sponte appoint a guardian ad litem.

CONCLUSION

Because Graham's claims are time barred and the district court did not err in failing to sua sponte appoint a guardian ad litem, we affirm the district court's order dismissing the action. We grant Graham's motion to proceed IFP on appeal.