**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WAYNE DUKE KALBAUGH,

    Plaintiff - Appellant,

v.

JACOB JONES; BRYAN WRIGHT,

    Defendants - Appellees.

No. 18-6205
(D.C. No. 5:16-CV-01314-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MORITZ**, and **EID**, Circuit Judges.
_____

Wayne Kalbaugh appeals the entry of summary judgment in favor of the

Defendants, Oklahoma City Police Department (OCPD) Officers Jacob Jones and Bryan

Wright, on his claim that they violated his constitutional rights when they used excessive

force in arresting him following a car chase.  The district court held that Defendants were

entitled to qualified immunity.  We exercise jurisdiction under 28 U.S.C. § 1291 and

affirm in part and reverse and remand in part.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1

## I.    BACKGROUND

On November 25, 2014, an OCPD officer initiated a traffic stop of the automobile in which Plaintiff was a passenger.  After the driver bailed out of the moving car, Plaintiff took the driver's seat and led officers on a high-speed chase in heavy traffic.  Shortly thereafter, a police helicopter took over the pursuit for safety reasons.  A local news station helicopter also followed the chase and recorded it on video.  The video shows Plaintiff speeding, weaving through traffic, driving on the median and the shoulder, and running red lights.

Plaintiff turned up a private road that dead-ended at a chain-link fence.  Although he tried to back up, approaching police cars prevented his escape, so he drove forward and attempted to crash through the fence.  The car knocked over a portion of the fence and stalled.  Plaintiff got out of the car and dropped three handguns.  He put his hands in the air and backed over the downed fence on foot.  He then turned and ran toward the adjacent National Guard parking lot, still with his hands in the air.  He heard the officers yelling at him, but said he thought they were threatening to shoot him.

When Plaintiff reached the parking lot, he approached Army Reservist Kevin Deon, who had seen Plaintiff ram the fence and exit the car with a gun.  Deon put him on the ground and straddled Plaintiff for the few seconds it took for Officers Jones and Wright to reach them.  Before they were able to handcuff Plaintiff, the officers discovered a knife in his pocket.

Ultimately, Officers Jones and Wright subdued Plaintiff, handcuffed his hands behind his back, and arrested him.  Plaintiff alleged that he did not resist but the officers

2

nevertheless struck him repeatedly. He also asserted that he did not reach for his knife. Thus, he claimed that the blows administered by Defendants were unnecessary and excessive. Defendants, in contrast, asserted that the force they used to subdue Plaintiff was reasonable in light of the circumstances that confronted them.

Plaintiff sued Officers Jones and Wright in their individual and official capacities, as well as the Oklahoma City Police Department. The district court dismissed the Police Department and the official-capacity claims against the individual officers. Plaintiff filed an amended complaint, naming as defendants only Officers Jones and Wright, but again checking the box indicating they were sued in both their individual and official capacities.

Thereafter, both sides filed motions for summary judgment. The district court, adopting the report and recommendation of a magistrate judge, denied Plaintiff's motion and granted Defendants' motion.

## II. LEGAL STANDARDS

"We review the grant of summary judgment de novo. We view the facts in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor. Summary judgment is appropriate only if there is no genuine dispute as to any material fact." *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015) (citations and internal quotation marks omitted). If a fact "could have an effect on the outcome of the lawsuit," it is material. *Id.* "A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.* (internal quotation marks omitted). Where, as here, there is video of the events at issue, the court

3

should not adopt a version of the facts that "is blatantly contradicted by the record, so that no reasonable jury could believe it" when ruling on a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *accord Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1207 (10th Cir. 2017) ("[W]e cannot ignore clear . . . video evidence in the record depicting the events as they occurred.").

We liberally construe Johnson's pro se complaint and other filings in our review, but we do not act as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Notwithstanding his pro se status, Johnson must comply with the same rules of procedure as other litigants. *See id.*

## III. DISCUSSION

### A. Excessive Force

An injured person may seek damages under 42 U.S.C. § 1983 against "an individual who has violated his or her federal rights while acting under color of state law. Individual defendants named in a § 1983 action may raise a defense of qualified immunity, which shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) (citations, ellipsis, and internal quotation marks omitted). When a defendant raises a qualified-immunity defense, "the plaintiff carries the two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the

4

defendant's unlawful conduct." *Id.* (internal quotation marks omitted).[1]

Plaintiff contends that Defendants violated his federal constitutional rights by using excessive force. "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer at the scene, and not with perfect hindsight." *Lindsey v. Hyler*, 918 F.3d 1109, 1113 (10th Cir. 2019) (internal quotation marks omitted). We evaluate "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (internal quotation marks omitted). Factors relevant to this inquiry include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

Plaintiff asserts the force used was unreasonable because he did not resist arrest, as demonstrated by the fact that when he exited his car he dropped his guns and "placed his hands high up in the air to show everyone he was of no threat, and that he wanted to peacefully surrender." Aplt. Opening Br. at 4. He claims he ran from the police because he thought he heard them yelling to shoot him. He characterizes his contact with Deon as trying to lie down with his hands out to show he was not resisting. He contends that even though he was not resisting or struggling when Officers Jones and Wright reached him,

---

[1] Plaintiff asserts that his rights under the Fourth, Eighth, and Fourteenth Amendments were violated. But it is "the Fourth Amendment . . . [that] governs excessive force claims arising from treatment of an arrestee detained without a warrant and prior to any probable cause hearing." *Estate of Booker*, 745 F.3d at 419 (emphasis, brackets, and internal quotation marks omitted).

the officers nevertheless punched him repeatedly. And although he admits he was carrying a knife in his trousers pocket, he did not remember that he was carrying it and he would have needed both hands to unsheathe it.

About 20 seconds elapsed from the time Defendants reached Plaintiff to the time they clearly had him sitting up and under control. Plaintiff argues that during this period, if he moved his hands at all, it was only in response to the officers' order to "cuff up." R. Vol. 2, at 24-26. Otherwise, Plaintiff contends that he was subdued and compliant during his arrest. The district court found that the video blatantly contradicts this account. We respectfully disagree. The video is inadequate to show the actions of all parties during the 20-second period. Notably, not only is the video blurry, but one of the officers obstructs the view of Plaintiff's torso, making it impossible to determine whether Plaintiff was, as Defendants alleged, moving his upper body and arms to resist arrest. Therefore, the district court could not rely on the video as requiring summary judgment. *See Scott*, 550 U.S. at 380 (explaining that videos relied on for summary judgment must "blatantly contradict" the nonmoving party's version of the facts).

Taking the facts in the light most favorable to Plaintiff, a reasonable jury could conclude that Defendants continued to beat Plaintiff after he was effectively subdued. And under the *Graham* factors this would be a violation of his constitutional rights. Although Plaintiff's crimes were significant (he had led officers on a high-speed chase, he had weapons on his person, and he ran from arresting officers), under his version of events — that he was trying to lie down with his hands out to show he was not resisting—he did not "pose[] an immediate threat to the safety of the officers or others,"

6

*Graham*, 490 U.S. at 396. Defendants are free to argue to a jury that Plaintiff was not subdued, but this disputed issue of material fact precludes summary judgment.

Having concluded that Plaintiff established a constitutional violation, "we next address whether—at the time of the events of this case—it was clearly established that [Defendants'] actions constituted excessive force." *Perea v. Baca*, 817 F.3d 1198, 1204 (10th Cir. 2016). "It is clearly established that specific conduct violates a constitutional right when Tenth Circuit or Supreme Court precedent would make it clear to every reasonable officer that such conduct is prohibited." *Id.* But "the qualified immunity analysis involves more than a scavenger hunt for prior cases with precisely the same facts." *Id.* (internal quotation marks omitted).

We have held that an officer violated clearly established law by shooting the victim after the officer had "enough time to recognize and react to the changed circumstances and cease firing his gun." *Fancher v. Barrientos*, 723 F.3d 1191, 1201 (10th Cir. 2013) (ellipsis and internal quotation marks omitted); *cf. Dixon v. Richer*, 922 F.2d 1456, 1463 (10th Cir. 1991) (officers' continued use of force after the plaintiff "had already been frisked, had his hands up against the van with his back to the officers, and was not making any aggressive moves or threats" was unreasonable). Thus, "it is clearly established that officers may not continue to use force against a suspect who is effectively subdued." *Estate of Smart v. City of Wichita*, 951 F.3d 1161, 2020 WL 913089, at *10 (10th Cir. Feb. 26, 2020) (ellipsis and internal quotation marks omitted); *see id.* at *1 (analyzing applicable clearly established law where events at issue occurred on March 10, 2012); *id.* at *10 n.14 (explaining that court relied on cases postdating the

7

events at issue because those cases relied on caselaw predating those events). "Force justified at the beginning of an encounter is not justified *even seconds later*, if the justification for the initial force has been eliminated." *Id.* at \*10 (brackets and internal quotation marks omitted). Taking the facts in the light most favorable to Plaintiff, Defendants violated clearly established law if they continued beating Plaintiff after it would have been clear to a reasonable officer that he had been effectively subdued.

We reverse the district court's order granting qualified immunity to Defendants on Plaintiff's excessive-force claim and remand for further proceedings.

## B. Appointment of Counsel

Plaintiff claims the district court erred in denying his three motions for appointment of counsel. We review the denial of a motion for appointment of counsel in a civil case for abuse of discretion. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (internal quotation marks omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted). We reject Plaintiff's claim. We discern no abuse of discretion in the district court's denial of appointment of counsel.

### C. Official-Capacity Claims

Plaintiff assigns error to the order dismissing his official-capacity claims against Officers Jones and Wright. The district court adopted the magistrate judge's recommendation to dismiss these claims for failure to state a claim under 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(ii), a decision we review de novo, *see Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (reviewing dismissal under § 1915A); *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (reviewing dismissal under § 1915(e)(2)(B)(ii)).

"Suing individual defendants in their official capacities under § 1983 . . . is essentially another way of pleading an action against the county or municipality they represent." *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010). To state an official-capacity claim, Plaintiff was required to "identify a specific deficiency that was obvious and closely related to his injury, so that it might fairly be said that the official policy or custom was both deliberately indifferent to his constitutional rights and the moving force behind his injury." *Id.* (citation and internal quotation marks omitted).

On appeal Plaintiff asserts that he requested through discovery the police policy and standard operating procedures, but was unable to obtain them via the Internet as Defendants directed because he did not have Internet access in prison. The record reflects that Plaintiff requested production of the policies and included Defendants' failure to produce them in his initial motion to compel discovery. But he did not pursue this matter in the subsequent proceedings concerning discovery, nor did he invoke Fed. R. Civ. P. 56(d), which requires a plaintiff to file an affidavit if additional discovery

9

is needed to respond to a summary-judgment motion. Therefore, we affirm the order dismissing Plaintiff's official-capacity claims against Officers Jones and Wright.

Plaintiff also contends that he was entitled to a default judgment against Defendants in their official capacities because they never answered the magistrate judge's order requiring service of a response to the complaint and a special report. He argues that because he "marked the box for both individual and official capacitys [sic]" on his amended complaint, Defendants defaulted those claims when they failed to include in their answer a response to any official-capacity claims. Aplt. Opening Br. at 17. But the district court had dismissed the official-capacity claims before Plaintiff filed his amended complaint, and the magistrate judge's order required a response pertaining to Officers Jones and Wright only in their *individual* capacities. The district court did not err in denying Plaintiff's motion for a default judgment.

### D. Amendment of Complaint to Add Defendants

Finally, Plaintiff appeals the order denying his motion to amend his complaint to add new defendants.[2] He sought to add as defendants Sergeant Deon and Mustang Police Officer Carpenter, claiming they failed to intervene in the actions of defendants Jones and Wright. In the proposed amended complaint, Plaintiff asserted that the date of injury was November 25, 2014. He filed his motion to add defendants on December 22, 2017, over three years after the date of injury. The district court denied leave to add these

---

[2] Plaintiff does not challenge on appeal the district court's denial of his proposed amendment to reinstate his claims against Officers Jones and Wright in their official capacities.

10

defendants because the applicable two-year statute of limitations had expired. *See* Okla. Stat. tit. 12, § 95(A)(3) (imposing a two-year limitations period for "an action for injury to the rights of another, not arising on contract"); *see also Meade v. Grubbs*, 841 F.2d 1512, 1523 (10th Cir. 1988) (holding two-year statute of limitations applies to § 1983 claims), *abrogated in part on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff asserts that he did not discover the facts underlying his claims against the proposed defendants until he received the special report containing the video and Defendants' responses to his discovery requests. Accordingly, he contends that the limitations period did not begin to run until he learned of the proposed defendants' violation of his rights. Plaintiff's proposed new claims were § 1983 claims, so federal law governs when the action accrues. *See Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Indeed, it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (citation and internal quotation marks omitted). Here, the injury that is the basis for this action is Plaintiff's November 25, 2014, arrest, which he knew of at the time of the arrest; thus, his claims accrued on that date. *See Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) ("Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur.").

11

Plaintiff relies on Fed. R. Civ. P. 15(c)(1)(B) to argue that his proposed new claims relate back to the date he filed his original complaint, thus making his new claims timely. For an amended complaint adding a new party to relate back, Rule 15(c)(1) requires the following: (1) the claim arose out of the same conduct or occurrence alleged in the original pleading, Rule 15(c)(1)(B); (2) the proposed new party "received such notice of the action that it will not be prejudiced in defending on the merits," *id.* 15(c)(1)(C)(i); (3) the proposed new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," *id.* 15(c)(1)(C)(ii); (4) the second and third criteria were met within 90 days of the filing of the original complaint, *see id.* 15(c)(1)(C); and (5) the original complaint was filed within the applicable limitations period, *see id.* 15(c)(1)(A); *see also Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (setting out these requirements for an amended complaint to relate back); *May v. Segovia*, 929 F.3d 1223, 1231 (10th Cir. 2019) (noting stringent restrictions on relation back when adding a new defendant). He has failed to make the required showing. And he does not argue that he qualified for tolling of the statute of limitations under Oklahoma's strict construction of exceptions to a statute of limitations. *See Resolution Tr. Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995) ("Exceptions to statutes of limitation are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience."); *see also Braxton*, 614 F.3d at 1159 (equitable tolling is governed by state law). Therefore, we affirm the order denying leave to amend to add new defendants.

## IV.    CONCLUSION

We grant Plaintiff's motion for leave to proceed in forma pauperis on appeal, and we remind him of his obligation to continue making partial payments until the entire appellate filing fee is paid.  We reverse the district court's order granting qualified immunity to Defendants on Plaintiff's excessive-force claim and remand that claim for further proceedings consistent with this order and judgment.  We affirm the district court's judgment in all other respects.

Entered for the Court


Harris L Hartz
Circuit Judge